**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                      Case No.: 17-11733-JKO

 JUAN M. GOMEZ,                  Chapter 11

             Debtor.
_____/

**UNITED STATES TRUSTEE'S EXPEDITED TO DISMISS OR CONVERT**
**CASE AND REQUEST FOR AN EXPEDITED HEARING**
*(Requesting Expedited Hearing on Tuesday, March 21, 2017 at 11:00am)*

**The United States Trustee requests that this motion be set for Tuesday, March 21, 2017 at 10:30am when other case dispositive matters in this case are already set for hearing.**

Guy G. Gebhardt, Acting United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112(b), respectfully moves this Court to enter an order dismissing or converting this case, and in support thereof states as follows:

1.      On February 13, 2017 (the "Petition Date"), Juan M. Gomez (the "Debtor"), filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2.      The United States Trustee has not appointed a committee of unsecured creditors as of the date of filing of the instant motion.

3.      On February 14, 2017, the Court issued the Notice Of Deadline(s) To Correct Filing Deficiency(ies) [D.E. #2], setting a deadline of February 27, 2017 for the Debtor to file, *inter alia*, the Schedules of Assets and Liabilities and the Statement of Financial Affairs (collectively, the "Schedules and Statements").

4.      On February 15, 2017, the Court issued Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines scheduling the 11 U.S.C. § 341 Meeting of Creditors (the "341 Meeting") for March 13, 2017 [D.E.#6].

1

5.      On February 15, 2017, the United States Trustee sent correspondence to the Debtor setting the Initial Debtor Interview ("IDI") for March 1, 2017 at 10:00 a.m.

6.      Also on February 15, 2017, the United States Trustee sent correspondence to Debtor's counsel explaining the requirements under the *United States Trustee's Operating Guidelines And Reporting Requirements For Debtors In Possession And Trustees* ("Guidelines") and requesting that the Debtor submit all information and documents required by the Guidelines (the "Guideline Documents") within fourteen (14) days of the Petition Date (February 27, 2017).

7.      That letter provided that failure to comply with the Guidelines could result in motions to dismiss or convert this case, for the appointment of a chapter 11 trustee or examiner, and/or for the imposition of sanctions.

8.      As of the date of filing hereof, the Debtor has not filed the Schedules and Statements, and has not produced <u>any</u> Guideline Documents.

9.      Additionally, the Debtor failed to appear for the scheduled IDI on March 1, 2017.

10.     On March 1, 20117, the United States Trustee's sent emails to Debtor's counsel (i) notifying him of the failure to produce Guideline Documents, and (ii) notifying him of the failure to appear at the IDI.

11.     Debtor's counsel responded via email that the non-appearance at the IDI was due to a calendaring error and that his client was in Columbia, South America and did not know about the IDI.

12.     On March 9, 2017, four (4) days before the scheduled 341 Meeting, Debtor's counsel filed a document titled "Judicial Notice" [D.E.#20], wherein he stated

that he experienced a life threatening medical emergency that resulted in him being hospitalized.

13.    On March 10, 2017, Debtor's counsel filed his Emergency Motion to Withdraw [D.E.#23].

14.    On March 13, 2017, the Debtor appeared at the 341 Meeting without his counsel.

15.    Accordingly, the United States Trustee continued the 341 Meeting to April 3, 2017.

## **RELIEF REQUESTED**

16.    By way of this Motion, the United States Trustee seeks dismissal or conversion of this case.

17.    Dismissal or conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

18.    The term "cause" is not defined by the Bankruptcy Code, but Section 112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion:

> A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

3

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4).

19.     In this case, the record supports a finding of cause, at a minimum, under

a.      §1112(b)(4) (F) where the Debtor has failed to file the Schedules and Statements;

b.      §1112(b)(H) where the Debtor failed to provide the United States Trustee with any Guideline Documents and failed to attend the IDI; and

c.      §1112(b)(4)(B) where the Debtor's failure to comply with the foregoing basic requirements for a chapter 11 debtor evinces gross mismanagement of his financial affairs.

20.     Moreover, the Debtor appears to be a serial filer, having filed chapter 13 bankruptcy cases at least four (4) times in the last six (6) years, all of which were dismissed shortly after they were filed.

21.     Pursuant to Bankruptcy Rules 2002 and 9006, the United States Trustee requests that the required notice period be shortened and that an expedited hearing be scheduled for March 21, 2017 at 10:30am when other case determinative matters are already set for hearing.

WHEREFORE, the United States Trustee respectfully requests (i) the entry of an order dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7; (ii) an expedited hearing on March 21, 2017 at 10:30am, or at such date and time as the Court deems appropriate; and (iii) such other and further relief as may seem just and proper.

DATED:   March 17, 2017.

Guy G. Gebhardt
Acting United States Trustee
Region 21

/s/   Zana M. Scarlett
Zana M. Scarlett, Trial Attorney
Florida Bar No.: 626031
U.S. Trustee's Office
51 SW 1st Ave., Room 1204
Miami, FL 33130
Phone: (305) 536-7285
Fax: (305) 536-7360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on March 17, 2017, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof

shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically:

Leyza F. Blanco     leyza.blanco@gray-robinson.com , jceide@gray-robinson.com;
abaliu@gray-robinson.com; Ileana.Christianson@gray-robinson.com

Wanda D Murray     ecfflsb@aldridgepite.com , wmurray@ecf.inforuptcy.com

Steven G. Powrozek     spowrozek@logs.com ,
electronicbankruptcynotices@logs.com

Joel S Wadsworth     thewadsworthfirm@outlook.com

Mariam Zaki     mzaki@shdlegalgroup.com , southerndistrict@shdlegalgroup.com

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

                                        /s/        Zana M. Scarlett
                                        Zana M. Scarlett, Trial Attorney